Please call the first case. 12-1144, Kareena Qualls v. Alpine Direct Services, LLC, et al. Okay, the attorney for the appellant. Good morning, Your Honors. Daniel A. Edelman, respond. Mr. Edelman, and the attorney for the appellate. Good morning, Your Honors. Claudia Calloway on behalf of the Appellee Alpine Services. Okay, very good. Both sides will have 15 minutes in total to argue. Appellant, you'll have to reserve from your 15 minutes that portion for rebuttal. I'd like to reserve 5 minutes, Your Honor. Okay, very good. Thank you. Mr. Edelman, you may proceed. May it please the Court, Counsel. Counsel, I'd like to start by addressing the effect of what has become apparent in the last four months, namely the disappearance of the appellee, Alpine. Alpine has had four months since we raised the issue in December of 2013 to represent that it can or will comply with the requirements of an arbitration, which would be to pay the bulk of the fees as is required by all of the major arbitration providers in a case involving a consumer versus a business, and to actually participate in the arbitration. It obviously is not going to do so. It just doesn't exist. How is that, sir? I'm sorry, Your Honor? I'm aware of attorneys having filed a motion to withdraw, which this Court denied. That is correct, Your Honor. So is it now within your knowledge as to the business circumstances of Alpine that they are no longer in business, or what? The record shows the following. We filed a motion reciting that regulatory authorities had basically instructed banks not to process the ACH debits of Internet lenders, which would make it impossible for them to function. We filed a motion in December to ask the Court to require Alpine to state that it would pay the fees and participate in the arbitration. It has never made such a representation. Instead, counsel first requested an extension and then filed a motion to withdraw in which it was recited that they were not in contact with their client and that mail sent to the last known business address of Alpine was being returned. Well, let me ask you this. If this case were to be returned to the circuit court pursuant to your requests here, do you now have a defendant that's judgment-proof? We have a company and two individuals. As a practical matter, I would be hard-pressed to collect a judgment. I think the appropriate thing to do would be to send it back. Before we get there, I'm talking about practicality, so I won't charge this off your time. But if it were to go back and you've got a judgment-proof defendant or a defendant that you're not collecting on, isn't it in your best interest to voluntarily dismiss your appeal? Because this may go back or it may not go back. If it doesn't go back, in your opinion, probably we'd be creating bad law. The problem is that I do have an individual client and my obligation to my individual client is to obtain a default judgment because I think she has a winner on the merits and make reasonable efforts to enforce it, if not against Alpine, against the two individual defendants. I will concede that, based on past experience in chasing Internet payday lenders and their principals, that I do not have a high probability of success. At the same time, I don't have authority to dismiss the appeal. And in terms of what relief we request, we would request that the judgment appeal be vacated. And at the very least, it needs to go back to determine. Okay. Let's get back off this practical issue. And the appellees are represented by counsel. I think that to further give us an explanation as to the status of these defendants would be a waste of your time. So I would say proceed on the basis of your file brief and the issues that you're raising. I'm prepared to do so. But the two are not separable. Here is why. Arbitration is a creature of contract. The one thing that is absolutely clear is that the contract as written cannot be enforced. It basically provides for the performance of services by somebody who isn't around to perform the national arbitration form. The defendant is basically requesting that the contract be reformed and then specifically enforced. There were three identical cases presenting essentially identical contracts. In two of the cases, the court refused to reform the contract. In the one case that remains, the other two having settled, the court granted reformation followed by specific enforcement. Normally, a condition of specific enforcement is first you have to have a valid contract. That's the issue in the briefs. The second requirement is that you be ready, willing, and able to perform. That is what has happened in the last four months. And Alpine is not ready, willing, and able to perform, cannot represent that it is. And if the judgment appealed from is not vacated, my client is basically in limbo. She isn't under the judgment entitled to sue. And if she attempted to proceed before an arbitration tribunal, none would be agreed upon. Any of the major arbitration tribunals would not proceed. I think your argument as to the status of this defendant is really not at issue before us. I think, I beg to differ, Your Honor. I think that where a party has requested and has obtained specific enforcement of a contract, that it is necessary that they continue to represent that they're ready, willing, and able to perform, and they're not. Well, your client, Ms. Qualls, was under the terms of the agreement, was not to bring any claims whatsoever, but in the meantime has done that. That's correct, Your Honor. So you've already thrown the bolt, and it doesn't conform to the agreement. Well, the agreement can't be adhered to. And the question is, does that mean that we can proceed in court or that we have to arbitrate in a manner not provided for by the agreement? The reason it, of course, can't be enforced is that seven months before the party's transaction, the National Arbitration Forum was enjoined from conducting consumer arbitrations in the case brought by the Attorney General of Minnesota. That doesn't go to the question of what you do with a claim that's presently on file when it's not supposed to be. Well, I disagree with the proposition that it's not supposed to be on file. At the very least, if the parties have a contract providing for an arbitrator who is no longer there, what happened was that the court reformed the agreement and said it would appoint an arbitrator. So some judicial action is absolutely essential. Not necessarily. Under the way I read the arbitration of all disputes in the contract, an arbitrator is supposed to determine that, not the court. But the arbitrator specified isn't there. So even the defendant conceded that somebody has to appoint an arbitrator. So that some judicial relief is required. What is the effect of the specification of National Arbitration Forum after they were no longer in business? I think under the Carr case and the Quickly case, the answer is that there is no effective agreement. It's a question of state law. It's a question in which the courts have divided and have not been able to reach a consistent result. The majority view is that there is no effective agreement to arbitrate, and that, I think, was the position taken by the Supreme Court in Carr and this Court in the Quickly case. Basically the arbitration is effective through the Commerce Clause through Rule 5. Or Section 5 of the Arbitration Act. Section 5 of the Arbitration Act assumes, in accordance with Sections 1 and 2 of the Arbitration Act, that there is a binding contract under normal principles of state law. Normally, courts don't make contracts for parties. The contract written can't be performed. It requires a specific arbitration forum. It says that the arbitration shall be conducted by and under the code of procedure of the National Arbitration Forum in effect at the time the claim is filed, close quote. There isn't one. But there's a distinction between who the arbitrator is and what rules would be applied. In other words, you could apply the NAF forum procedures but not have an NAF arbitrator. Well, right now, Your Honor, there are no consumer procedures for the National Arbitration Forum. They're gone. Nor do you want an NAF arbitrator, as the defendant suggested in their brief, because the reason that NAF was enjoined from doing business is that the arbitrator, they selected biased arbitrators. So looking from this, from the standpoint of your typical consumer who gets into a 730 percent loan, they don't know anything about arbitration. If you read the contract, it's apparent that it provides for, purports to provide for a consumer-friendly remedy for the consumer. It says, for example, that, quote, your arbitration fees will be waived by the NAF in the event you cannot afford to pay them. It also says that the cost of any participatory documentary or telephone hearing, if one is held at your or our request, will be paid for solely by us, the lender, as provided in the NAF rules. There are no NAF rules. There's no one to pay for this. Counsel, what about Justice Hyman's comment in his opinion that the court could just select or designate an arbitrator or panel to apply the rules in substitution for the NAF, and it would still be applied under the code of the NAF procedures? I first have a problem with applying a code of procedures of an arbitration form that was put out of business because it was biased. It's basically enforcing the legacy of unfairness that caused NAF's demise in the first instance. Second, the NAF code itself states, as pointed out in the Carr decision, that it is to be solely enforced by NAF itself, not by any substitute form. Then there is the question of, given the repeated references to NAF, the fact that the consumer is told that it's very simple to file a claim, you can do so online, you can do so by telephone, given those facts, is it appropriate to substitute somebody whom the parties did not agree to? Well, let me ask you this then. Under the Seventh Circuit opinion in Green, it was decided, Judge Easterbrook mentions, in reference to a similar provision, that he acknowledges that the NAF is no longer in business. But again, the provision in Green also dealt with selecting arbitration based upon the code of procedure of the NAF, specifically as opposed to an NAF arbitrator. Wouldn't that be instructive? No, Your Honor. One problem with the majority opinion in Green, it was a divided court, is that the majority says that contracts can be rescinded from mutual mistake, but that, quote, neither side has asked for that relief or even contended that it would be possible under state law, close quote. In this case, we have consistently maintained that there is a formation problem, that a contract requiring the appointment of a specific arbitrator or arbitration tribunal can't be enforced if that person was not there prior to the time the contract was entered into, and frankly, under circumstances that a member of the lending industry should have known that NAF would not be there. I also believe that the majority opinion is simply incorrect. The dissent, I think, actually represents what the law of most states is on this subject. Namely, we don't make contracts for parties that an agreement simply expressing an intent to arbitrate for unspecified parties and not providing for any method of appointment would not be an enforceable contract, and that where you specify somebody who isn't there and wasn't there when the contract was entered into, that it exceeds the extent to which contracts will be rewritten to enforce such a contract. Basically, NAF was put out of business because it was unfair and fraudulent. To allow either its rules, which were part of the unfairness, or the arbitrators who were criticized for being biased to remain in effect would not be appropriate, nor would it be appropriate to basically make up a contract for the parties. The Supreme Court said in Carr that the unavailability of the particular arbitrator that was designated standing alone isn't enough to preclude the effect of the arbitration clause, right? That's correct. In this case, you have substantially more. The contract does not, for example, provide, as many contracts have provided, for severance of the arbitration agreement or a clause expressly permitting substitution. The contract expressly says arbitration is to be by and under the code of procedure. It specifies a purportedly simple and easy method for the consumer to exercise the right to arbitrate. If there is anything the type of person who would get a 730% loan over the Internet would gather from this contract, it is if something goes wrong, there is a simple remedy. The Supreme Court, fine. That remedy doesn't exist, and litigation simply to appoint the arbitrator is necessary in any event. So you have the worst of both worlds. The code of procedure prohibits use except for NAF. The contract provides that NAF is to consider the poverty of the claimant and waive fees if appropriate. It provides for payment of fees by the business. Under the circumstances, I think that the use of NAF is integral to the contract. Excuse me, sir. What did the circuit court order here, that they wanted to select the arbitrator, but would they still be using the NAF form rules? Was that decided by the circuit court? I don't think so. I think that if, for example, JAMS or the AAA would be appointed, they would normally use their own rules and would refuse to apply the rules. I don't think they would have anything to do with the NAF rules. So I think that basically, the circuit court was willing in this case to completely rewrite the contract, whereas in the other two cases, the same clause that provided for NAF to be the, as I see these expressed, the expressed revisions under the contract, it says that NAF shall, an important word, be resolved by and under the terms of their form rules. That is correct, Your Honor. So the terms of the contract are exclusively appointing NAF. That is correct. And in using their form rules. That is correct, Your Honor. And this is a contract that was signed or finalized well after NAF was no longer in existence to perform that function. That is correct. And it was quite well known throughout the lending industry the Minnesota Attorney General case was not something that didn't receive quite a bit of publicity. Right. And as part of the same paragraph that provides for the arbitration, there is a waiver of bringing arbitration for class action. That is correct, Your Honor. Okay. So if the circuit court was wrong in its ruling that a new arbitrator could be placed in the picture, what happens with the provision of no class action? In theory, I think it would be unenforceable. That kind of waiver under Carr would be enforced only if there is a valid arbitration clause. As a practical matter, it doesn't matter because I don't have a means of identifying class members or proceeding on behalf of a class. As a practical matter, I don't think you have a viable defendant that can stand judgment. Alpine is not viable. I might be able to track down the two individual officers who would be legally responsible for usurious loans, but I understand Your Honor's statement that voluntarily dismissing the appeal might be the most expeditious move. It's never too late. I do not have authority from my client, but I do, she does understand that the likelihood of affirmatively recovering anything ever is not great in this matter. Okay. You're aware of the Quick Loan case v. Russell? Yes, Your Honor. It was our case. That case holds that the arbitration, in order to have the arbitration clause struck, the condition, whatever condition, or the arbitrator must be what we call integral. Integral. That is correct, Your Honor. Why is NAF integral in this instance? If it is. Because of the extensive references in the agreement to the arbitration being conducted by NAF and, insofar as the consumer is concerned, the supposed simplicity of proceeding before NAF. That is essentially the only benefit that the consumer gets out of this arbitration clause. Very simple procedure that can be invoked by telephone in the event something goes wrong. The other arbitration tribunals have fairly involved procedures and there's no indication, certainly nothing that the defendant has put in the record, that would indicate that these benefits are available elsewhere. Rather, what Ms. Claus has been required to do is have a court order, determine by order that a new arbitrator should be appointed and then we would have to see what happens. And if, in fact, we were to try to proceed before JAMS or AAA, what would happen is that they would not process the matter until somebody who's supposed to be the defunct alpine paid their fees. The matter would simply sit there in limbo and my client couldn't get a judgment, couldn't arbitrate and would be deprived of any legal recourse, which I do not believe is within the permissible range of outcomes of a dispute of this nature. Right, but the predicate is you're not going to have anything if you don't have an arbitrator. Someone's got to get this ship launched. The, well, the alternative would be, and what I suggest would be the appropriate order, would be to vacate the order appealed from, remand it to the circuit court to determine what the legal effect is of, what alpine's condition is and what the legal effect is. My suspicion is the counsel would withdraw and there's no, I have no grounds for opposing it, that a default judgment would be entered and that I would be required to make reasonable efforts to try to collect it. Isn't that what, isn't that what happens in cases? That is, that is correct, but I don't think the appropriate outcome would be to affirm an order which alpine has basically announced it will not perform on its side and leave the case in limbo. Well, you're not going to get a performance from anybody if you don't get somebody in the room that's going to start this and that's the, and that's the arbitrator. And so in terms of, and this, we'll probably get into some discussion on it a little bit later, but, but particularly it's, going back to the Green case, that question of non-enforceability on the contract and conducting, conducting the arbitration under the forum's code. The forum's code is going to be the NAF code, but it's not going to be an NAF arbitrator. I disagree that any other arbitrator would apply the code. You don't, you don't. I do not think the JAMS or AAA would touch the NAF code. It doesn't, it could be anybody you choose. It could be an individual. It doesn't have to be an organization. It's a mediator. And so, but what Green says is that the, that an agreement to conduct arbitration under the forum's code if there's a, if there's a problem with that and it's not enforceable, it says that it's, it's still, it's, it's, the forum itself on the sidelines is valid and all that remains is the selection of an arbitrator and a district court can use Section 5 to make the appointment. Why shouldn't we do that? The court is below. First, I don't think it's consistent with Carr and Quick-Click. Second, I don't think that the majority in Green is an accurate statement of Illinois law. Why? Let's take an extreme example. The contract specifically identifies some individual as the arbitrator who has been known to the parties for many years. I don't think that it would be appropriate in that case to use Section 5 to basically say you have to arbitrate before somebody who you haven't selected and did not express confidence in. There's no choice. If you read the arbitration agreement that incorporates that into it, it incorporates Section 9 U.S.C. Sections 1 through 16. It has a general reference. And under Green we're basically told you're in lockstep, you should comply with this. It's a 14th Amendment issue under the Commerce Clause. I disagree with that. I don't think that a general reference to the Federal Arbitration Act, and that's the entirety of the Act, places the consumer on notice that the designated arbitrator isn't there, that a court will appoint somebody else. The whole thing is about the appointment. The people who get into these loans are not sophisticated people. We understand that. So they wouldn't understand this either. So the point is we're talking about can we get somebody in the room to actually be the person who coalesces those in the room to go into the arbitration and make determinations under the NRF forum rules? I think the answer to that, Your Honor, is no. Getting back to the practicalities, arbitrators aren't free. The contract specifically says that Quals doesn't have to pay anything. As a practical matter... It will be decided in the arbitration. But who will arbitrate this after knowing that they will never be paid for it? Qual Carpels. I'm sorry? Carpels. This woman has no assets, and you may actually – I don't mean to make this sound like facetious, but there are groups of lawyers who coalesce in order to bring services to people who can't afford it. But the whole thing is this. What's the purpose of just tying this up in a knot and leaving it the way it is? Is that the way you want it to be? We don't do anything consistently throughout this entire discussion. All you've had is doom and gloom and no arbitrator. Get us an arbitrator. I don't think that that's an appropriate outcome. I think that where our business... If the arbitration clause fails, then it's a matter for the trial court. That's correct, Your Honor. And it would end up, I think, as a default judgment in the absence of the defendants appearing and being represented. I don't think that you can basically rewrite a contract to provide that some pro bono organization will arbitrate it. Mr. Edelman, I'd like to have you reserve at least five minutes for your rebuttal. Thank you very much, sir. May it please the court, counsel, ladies and gentlemen, good morning. My esteemed colleague, Mr. Edelman, I know he did not mean to misspeak when Justice Harris asked him about what the court ordered. The court below, Judge Hyman, did in fact order that arbitration proceed under the NAF code. I just wanted to correct that. It's been two years since the... It's been two whole years since that order was issued, and I think that in all of what we have been discussing amongst ourselves, I think it was just forgotten by Mr. Edelman. The cases relied upon by the plaintiff appellant here are either completely distinguishable or they were reversed after the plaintiff appellant filed its brief. Carr is distinguishable on the grounds that there's no penalty provision in this arbitration agreement if NAF is not available or not selected. And perhaps I should back up and talk a little bit about what we're here on. Arbitration is not a remedy any more than a court is a remedy. And I heard counsel for plaintiff appellant talk about the remedy of arbitration not being available here. Arbitration is absolutely available, as Judge Hyman noted, as Justice Liu was asking about the Green case out of the Seventh Circuit. As the Seventh Circuit has noted, as the United States Supreme Court noted in the CompuCredit decision, the NAF's inability to hear the arbitration does not make arbitration not available and in no means is arbitration a remedy. But the Illinois Supreme Court and this court have both talked about integrality or what is an integral. I hope I'm, I don't know if it's integral or integral, but I hope I'm pronouncing it correctly. About what is integral? What makes the choice of an arbitration forum integral? And I would submit that that integrality does not exist here. In Carr, it was found where a party was penalized if they sought to deviate from the NAF. And this court in Quick Click found integrality where the method for appointing a substitute arbitrator was Section 5 was essentially displaced because it said you can either choose between the American Arbitration Association or NAF and if one isn't available, you should choose a new one pursuant to the terms of this agreement. Here we just have designation of arbitration being conducted by the code of the NAF. Actually, counsel, I want to back up a little bit. Sure. The difference between this one, and I have not looked at the provisions that were at issue in Carr and in Quick Click, but isn't it different from Green? For instance, I think the appellant's counsel pointed out there are four references in this particular provision that's at issue on appeal. First one is which rules to apply procedurally. Second one is where to file the claim or demand. The third one is what do we do with fees if the borrower can't afford them. Fourth one is costs of the hearing. So you have four out of the approximately 11 sentences in the provision that are specifically referring to NAF. Whereas in the Green case, you have one. It just refers to the code of procedure of the National Arbitration Forum. So if you want to compare what's integral, don't you think there's a difference? No. And you are correct, absolutely correct, Justice Liu, that the language in the arbitration provision in Green does differ from the language in the arbitration provision that is before the court. However, none of the differences, I would submit, make the NAF integral. There is nothing here that penalizes a party for not bringing arbitration before the NAF. And there is nothing here that supplants Section 5. And that's the most important thing, I believe. Well, counsel, just Ms. Releman mentioned, who is going to pay the fees that are owed by the borrower if it's a different forum, a different dispute resolution forum that will require fees to be paid. The arbitration fees would still be paid by the defendant. And there was a lot of talk here about speculation about the defendant not being available or the defendant not showing up for arbitration. I cannot comment, as everyone here can understand. I want to back up. It says that the fees will be paid by the defendant, by the lender. It says that the fees will be waived. So what that means is it says your arbitration fees will be waived by the NAF in the event you can't afford to pay them. So you're going to find a resolution, a dispute resolution, you know, arbitrator or some sort of panel that will agree, we're going to waive our fees. To clarify, in arbitration, both parties are ordinarily subject to paying fees, both the plaintiff in the arbitration and the defendant. This arbitration agreement talks about the NAF waiving the fee, shall waive the fee. But I think that, and I would submit that in the same way that the NAF is not integral as the forum, that issue of the arbitration forum waiving the fee, and this would go, this goes to the court's order, to Judge Hyman's order, that arbitration be conducted under the rules of the NAF. The rules of the NAF state that the fee for a plaintiff may be waived, and the arbitrator would be required to follow those rules. If the plaintiff could, if the plaintiff submitted, I cannot pay these rules, and I would like, I'm sorry, pay these fees, and I would like you to waive it. So that is handled by the rules. Does the code indicate it's discretionary by the NAF, or in this case, under the agreement that it's mandated? Because I do not want to misstate what the code says, I would be happy to provide, I don't have that specific provision, and I would be happy to submit that to the court if I'm permitted. I only raise this because, as you know, if you had, for instance, any type of, even consumer arbitrations can cost a lot of money. And whether or not to enter into an agreement, unless you know the intent of the parties, through some other evidentiary means, arbitration is expensive, oftentimes. And it could preclude a party from bringing a claim. On the, that is why this arbitration provision is written to say that those fees shall be waived. Here it has NAF as the forum waiving them, but I think NAF, again, as a forum is not integral, and this can be read to say the arbitrator shall waive. There's also provision in these rules, and again, I want to be certain that I don't misstate, there can be cost shifting to the defendant to pay all costs of arbitration. This is just something that is addressed in consumer dispute rules, and that is why this is written to take that burden. This arbitration provision is written to take the burden off of the plaintiff for the fees. Okay, let's get down back to reality now. Do we have a viable defendant here that's going to, assuming we send it back and we affirm, do you have a viable defendant that's going to pay for the costs? Do we have a viable defendant that's going to participate in this arbitration? I think that there are three defendants here, and they must answer to a court or an arbitrator, and if they don't, there will be a default judgment taken against them. Well, here we have an appellant saying that there's no response. They're a nonentity. That is complete speculation for the... Which is why I'm asking you. Right. What can you tell us? I can tell you that the two individual defendants are very much alive and well, and that the corporate defendant, to our knowledge, is a viable entity. Disputes between parties and their counsel can arise over lots of things. I have had correspondence with defendants. That does not mean that... And I think that's probably as far as I can go there. But that is speculation, and also these are issues that would be... We can't speculate on what would happen. They would have to play out before the arbitrator, because here Judge Hyman, and we would submit correctly, ordered that arbitration proceed under the code of the NAF by an arbitrator upon whom the parties agree within 21 days.  plaintiff appellants filed the appeal before this court. I cannot predict who defendants will use as counsel, but I will also say that in arbitration, defendants are not required to have any counsel and can do the arbitration by themselves. If the justices do not have any more questions for me, I would just like to say it's an honor to appear before the court, and I will follow up on the issues raised by Justice Liu. Thank you very much. Thank you, counsel. Your Honors, very briefly. First, the representation that was made in the motion for counsel to withdraw was that counsel has recently and repeatedly tried without success to contact defendants.   The defense has not been successful in reaching out to defendants. The counsel has not received guidance or direction from defendants. Later, they stated that mail addressed to their last known address in San Diego had been returned. So I don't think it's speculation. If, as I believe it to be the case, it is material whether there is a viable defendant, the case should be sent back to the trial court for that purpose. Of the cases that... It should be sent back for the purpose of doing what? Of determining whether the defendants are ready, willing and able to perform their part of the arbitration agreement as revised by the trial court. Well, you can't do that without an arbitrator. You also can't do it without a business who is... You're looking at the end, not the beginning. I do not see, Your Honor, how we're going to basically find a pro bono arbitrator who's going to apply the rules of an organization. We don't know what... We can't conjecture as to what the future will be given the different vagaries that have been described here. But what is existing here and has been here for quite a while and has gotten a lot of attention by the court, that something has to happen. So let's not be theoretical about it. The idea here is, and what we want to be able to walk out with, is an idea of how do we get an arbitrator in place? We could do it. That's a possibility. You're suggesting we remand it to the trial court to determine that? Yes, Your Honor. And whether there is anyone to pay the arbitrator? And if it is possible to find an arbitrator? Take all the discovery you want. It's not a question of discovery. It's just a question of ordering the defendant to state. If you have an arbitrator, you'll be able to take discovery and then you can make some decisions from that. That's a possibility. If you go back to the trial court, the trial court, there's already been cases because of the questioning of what interval means and how you define it and how you preserve it. There are splits among courts that are profound right now. So the thing is, we don't know what the future is going to be except this, if you don't get an arbitrator, you're not going to start a process and even find out what the end could or should be. Except I don't think we can get an arbitrator if we don't have a defendant who is participating in the arbitration. These standard arbitration forms will not process an arbitration claim where the defendant is required to pay the fees unless the defendant pays the fees. It just stays in limbo. You can get one individual to do it. Mr. Edelman, can I get a clarification on a point that was raised by Judge Mikva in her opinion in one of the related cases, and that was under the code, it's required that the arbitrator or the substitute arbitrator be an entity that has an agreement with the NAF. That is correct, Your Honor. That is in the NAF rules. Just because the NAF is enjoined from processing new cases doesn't mean that it's out of business. The NAF still exists. It still exists as a corporation. It's enjoined from taking new cases, right? New consumer cases. That is correct. So would the arbitrator have to be somebody, if you were to adhere as closely as possible to the rules, it would have to be somebody that is in partnership or an entity that has a contract, an agreement with NAF. That would be correct, except there are no such persons. In fact, given the reason for NAFs going out of business, I don't think anybody would come forward and say, I have a contract with NAF to adjudicate consumer disputes. Right. So would that seem that the court's designation of an arbitrator would be limited by the code of the NAF? I don't think it can be, Your Honor. Furthermore, notwithstanding what Judge Hyman said in his order, I don't think you can order somebody to follow the rules of an entity that has gone out of the consumer arbitration business under questionable circumstances. What if JAMS or AAA says, I won't do it? We have our own rules. They have due process protocols. They have measures to protect consumers. They're not going to just adopt the NAF rules. You keep saying they went out of business, but that's why I'm asking your clarification. They didn't go out of business. They've just been enjoined from accepting new consumer cases. That is correct. Okay. So there are actually a lot of people who could do this because they're not doing something else anymore. In other words, what they were doing, they can't do. I assume they're free to do something else. I think that any fair arbitrators have found employment with other tribunals using their rules. Well, if you keep speculating, this case will never end. I think that the way to end the speculation is to either remand and require the defendant to basically show up or simply hold that it is not possible to enforce this contract as written or within any permissible bounds of rewriting. I do want to comment that Carr does not say that the only way you can show that a designation of an arbitrator is integral is by the presence of a penalty. Quick Click relied on other facts. Here we have the important fact that the only thing in this agreement, the arbitration agreement that benefits the consumer, is a supposedly prompt and easily invoked procedure through NAF. And I think that also would make it integral. I would also point out that the only case we cited that was reversed was Green, and that's a two-to-one decision in which the majority didn't address the question of contract formation that we raise in our case. No, it does say, it does provide for it. It says that so if an error such as parties mutual but mistaken belief in the National Arbitration Forum was available would permit revocation of the contract under ordinary state law principles, which is what you're advocating, the district court would declare the contract as a whole unenforceable. But neither side has asked for that relief or even contended that it would be possible under state law. The identity of the arbitrator is not so important that the whole contract is vitiated, nor does either side contend that a mutual mistake of fact allows to be excised as a matter of general contract law. That's the contentions in Green, Your Honor. Yeah, it's the holding in Green. It's not a contention. And if you read Green in its entirety and the overlay of it, Green is really a lockstep case. In other words, if this is where the Constitution takes us, the intimation, and I think maybe slightly rankling, is that we're to follow it. I disagree, Your Honor. I think that Green is reciting the fact that nobody raised the formation problem in that case. I looked at the briefs. It wasn't raised. We're talking about the same contract. We're talking about the same agreement. Well, except that if a party doesn't raise the question of whether it is subject to being set aside because of a formation problem in one case, that case is not precedent for the proposition that you can't do that where it is raised. So the whole contract would be unenforceable? That's not how you would do this? Well, you treat the arbitration contract as a separate contract. No. Under Buckeye. Yes, Your Honor. No, no, no. I'm going back to this point of the enforceability of the contract as it currently exists. The arbitration agreement could not be enforced. That's our position. Would you like to conclude, sir? Yes, Your Honor. Unless Your Honor is so similar. So on the basis of that, you're not willing to agree to the appointment of an arbitrator? No, Your Honor. No, what? We do not think it appropriate to appoint a substitute arbitrator under these circumstances. And I will take Your Honor's inquiry about whether my client should not agree to voluntarily dismiss this and inquire very promptly. Thank you, Your Honors. There's no definite way how this case will go before this court. I understand. I only bring up the fact that since you don't have a viable defendant here with pockets shallow, deep, or otherwise, it might be best that this court not decide this case. I fully understand that and will raise it with my client very promptly. We're taking this case under advisement. We are adjourned. Thank you, Your Honors.